**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO TRUJILLO-ACOSTA,    : | |
|               : | Civil Action No. 06-4316 (NLH) |
|      Petitioner,    : | |
|               : | |
|      v.       : | **OPINION** |
|               : | |
| UNITED STATES DEPARTMENT    : | |
| OF HOMELAND SECURITY,    | |
| et al.,           : | |
|               : | |
|      Respondents.   : | |

**APPEARANCES:**

Petitioner pro se
Mario Trujillo-Acosta
Southern State Correctional
     Facility
P.O. Box 150
Compound A - Unit 6R
Delmont, NJ 08314

Counsel for Respondents
Paul A. Blaine
Asst. U.S. Attorney
Camden Federal Building
   & U.S. Courthouse
401 Market Street
4th Floor
Camden, NJ 08101

**HILLMAN**, District Judge

   Petitioner Mario Trujillo-Acosta, a prisoner currently confined at Southern State Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging his future detention pursuant to an Order of

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a

Removal. The respondents are the United States Department of Homeland Security Bureau of Immigration and Customs Enforcement, District Director Andrea J. Quarantillo, Warden George O. Robinson, and the Officer in Charge of the Hemisphere Center.

For the reasons discussed below, the Petition will be dismissed without prejudice as premature.

## I.  BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States illegally on or about November 7, 1977, at Nogales, Arizona. In the United States, Petitioner has developed an extensive criminal history involving at least nine convictions, including convictions for weapons offenses, assault, and drug offenses. (Answer, Ex. 2.) In 2000, Petitioner was convicted in the Superior Court of New Jersey, Law Division, Ocean County of unlawful possession of a weapon, and was sentenced to a term of imprisonment of five years. On December 2, 2002, Petitioner was paroled and released to the custody of the Immigration and Naturalization Service,[2] which had commenced removal proceedings

---

    prisoner unless-- ... (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States ... .

[2] The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security. As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland

against him on June 27, 2002. On December 30, 2002, a final Order of Removal was entered against Petitioner.[3] Petitioner was not removed during the ensuing 90-day removal period; he was released on an order of supervision on May 9, 2003.

On May 19, 2005, Petitioner was sentenced in the Superior Court of New Jersey, Law Division, Hudson County, to a term of imprisonment of five years for various offenses including resisting arrest, aggravated assault, and attempting to cause injury with a weapon. Presently, he is confined at Southern State Correctional Facility pursuant to that sentence. He is not eligible for parole consideration until at least August 31, 2007.

Because of the existence of the Order of Removal, on April 3, 2006, the Bureau of Immigration and Customs Enforcement ("BICE") issued a detainer for Petitioner, which has been lodged with the New Jersey Department of Corrections.[4]

Petitioner has submitted a Petition for Writ of Habeas Corpus asserting that because he is a citizen of Cuba there is no reasonable likelihood of his removal to Cuba in the future and,

---

Security. The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement.

[3] In this action, Petitioner is not challenging the Order of Removal.

[4] Petitioner is not presently in the physical custody of BICE. Respondents do not contest, however, that he meets the custody requirement of § 2241 because of the existence of the Order of Removal.

therefore, asking that the six-months presumptively reasonable removal period be run concurrently with his state sentence, so that he can be released into the community at the conclusion of his sentence. Respondents argue that the Petition is premature.

## II. ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

4

Here, the applicable removal period has not yet begun to run.  See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same).  To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired.  See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).  Thus, this claim is not yet ripe.  See, e.g., Ferrer-chacon v. Department of Homeland Security, 2006 WL 3392930 (D.N.J. 2006).

Nor is there any basis for requiring the government to run the six-months presumptively-reasonable period concurrently with Petitioner's sentence.  The Supreme Court, in Zadvydas, explicitly held that civil detention for six months in order to attempt to effectuate removal comports with the requirements of due process.  533 U.S. 701.  In a related context, although federal law permits removal prior to the completion of a criminal sentence in narrow circumstances, see 8 U.S.C. § 1231(a)(4),

5

federal courts have held that a prisoner has no right to compel such early removal and that there is no due process violation in requiring a prisoner to complete his sentence before removal or before the initiation of removal proceedings.  See, e.g., Phillips v. Nash, 2005 WL 3440323, *4 (collecting cases).  Similarly here, there is no due process violation in requiring Petitioner to complete his sentence before commencement of the removal period under § 1231(a)(1)(B)(iii).

The Petition will be dismissed without prejudice to Petitioner filing an appropriate petition should his future detention violate the due process requirements of Zadvydas.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: May 2, 2007